■ DANIEL R. GOLDBERG, Appellant, v CARE BUS, LTD., Respondent, et al., Defendant. [752 NYS2d 892] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), dated January 11, 2002, as granted that branch of the motion of the defendant Care Bus, Ltd., which was to stay proceedings to enforce a judgment entered against it on December 18, 2001, upon its default.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

It is undisputed that at the time of the accident in question, the respondent was insured by Reliance National Indemnity Company (hereinafter Reliance), which was obligated to defend and indemnify it pursuant to the terms of its insurance contract. On October 3, 2001, Reliance was adjudicated insolvent in Pennsylvania. By order of the Supreme Court, New York County, dated December 14, 2001, "[a]ll parties to law suits in this state" were enjoined from "proceeding on judgments or settlements in such actions * * * in which [Reliance] is obligated to defend a party insured or any other person it is legally obligated to defend by virtue of its insurance contract." That order further enjoined policyholders and other claimants from bringing or prosecuting actions against Reliance.

There is no evidence in this record of any judicial determination that Reliance was not obligated to defend the respondent, nor is there any evidence that Reliance ever gave written notice of disclaimer of liability (*see* Insurance Law § 3420 [d]). In support of the respondent's application to stay enforcement of the default judgment, an attorney representing the interests of Reliance stated that the "issues can't be resolved or litigated because of this stay."

In view of the foregoing, the Supreme Court, Westchester County, properly enjoined enforcement of the judgment against the respondent, an insured of Reliance. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.